Madina MAHPIROVA, Petitioners,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, Respondents.**

No. 05–6671.

United States Court of Appeals, Second Circuit.

June 26, 2007.

Andre R. Sobolevsky, New York, NY, for Petitioners.

Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, NC, for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Madina Mahpirova, a native and citizen of Kyrgyzstan, appeals from the BIA's order affirming Immigration Judge ("IJ") Annette S. Elstein's order denying her application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B);

*Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ Substantial evidence supports the IJ's finding that Mahpirova's testimony regarding her encounters with ethnic Kirghiz individuals did not describe any actions that rose to the level of persecution. Mahpirova failed to demonstrate that she was mistreated or mishandled in such a brutal manner as to establish persecution. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3rd Cir.1993) (persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional). Although Mahpirova was treated in a despicable manner in Kyrgyzstan, discrimination on the basis of race or religion, or another protected ground, does not ordinarily amount to persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005).

■ Substantial evidence supports the IJ's finding that Mahpirova's fear of future persecution was not objectively reasonable. The IJ determined that the reasonableness of Mahpirova's claim was lessened by the fact that her family, in the same situation, remains in her home country. The BIA reasonably agreed with the IJ's findings, noting that Mahpirova's family remains in Kyrgyzstan without apparent difficulty since her departure. *Id.* at 2. *See e.g., Matter of A–E–M–*, Int. Dec. 3338 at *4 (finding that applicant lacked a well-founded fear in part, because his family members remained unharmed in Peru since his departure).

Furthermore, the IJ found that the 2001 U.S. State Department Country Reports for Kyrgyzstan indicate that conditions have improved for ethnic Russians in Kyrgyzstan and Mahpirova did not offer any countervailing or contrary evidence to dispute those findings. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). The findings of the BIA and IJ are supported by substantial evidence in the record.

■ Mahpirova has not challenged the IJ's denial of her withholding of removal or CAT claims in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).